**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**January 17, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **A.W.-1, D.W., and T.T.**

**No. 19-0249** (Pleasants County 2017-JA-012, 2017-JA-013, and 2017-JA-014)

**MEMORANDUM DECISION**

Petitioner Mother A.W.-2, by counsel Keith White, appeals the Circuit Court of Pleasants County's February 2, 2019, order terminating her parental rights to A.W.-1, D.W., and T.T.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel James Wegman, filed a response in support of the circuit court's order. The guardian ad litem, Katrina M. Christ, filed a response on behalf of the children also in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying her a post-dispositional improvement period and terminating her parental right without considering a less-restrictive disposition.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because one of the children and petitioner share the same initials, we will refer to them as A.W.-1 and A.W.-2, respectively, throughout this memorandum decision.

[2]Petitioner also argues that the circuit court erred in denying her post-termination visitation with the children. However, petitioner acknowledges that the issue of post-termination visitation was not addressed at the dispositional hearing or in the circuit court's final dispositional order. Petitioner asserts that, subsequent to the final order on appeal, she filed a timely motion for post-termination visitation that was pending before the circuit court at the time this appeal was filed. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n.20, 524 S.E.2d 688, 704 n.20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). Because the issue of post-termination visitation is not properly before this Court, we decline to address it in this appeal.

presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2017, the DHHR filed a child abuse and neglect petition against petitioner alleging that she failed to keep a safe and sanitary home for her children, provide them with adequate medical and necessary care, and protect them from domestic violence. Specifically, the petition alleged that petitioner's residence was extremely cluttered with piles of household items in excess of three feet high with little to no footpath through the home. Petitioner's children, A.W.-1 and D.W., were taken to a local hospital for a wellness check where both children were treated for worms and yeast infections. Furthermore, the attending physician observed that D.W.'s front teeth were rotted to the gums due to malnutrition, and A.W.-1's teeth were showing similar signs of rot. The petition also alleged that petitioner disclosed to a Child Protective Services ("CPS") worker that her husband recently traveled to her residence where he threatened her and destroyed her property. Petitioner further disclosed that she filed for multiple domestic violence protective orders against her husband due to both mental and emotional violence that her children witnessed. After the petition's filing, petitioner waived her preliminary hearing.

In November of 2017, the circuit court held an adjudicatory hearing where petitioner stipulated to the allegations of abuse and neglect in the petition. As such, the circuit court adjudicated petitioner as an abusive and neglectful parent and granted her a post-adjudicatory improvement period. The terms of petitioner's improvement period required her to participate in individualized parenting classes, life skills classes, and supervised visitation with the children, among other things. In May of 2018, the circuit court held a hearing on the DHHR's motion to terminate petitioner's improvement period due to her noncompliance with services. The circuit court found that petitioner's improvement period expired under its own time limit earlier in the month; however, it concluded that the improvement period could continue until the dispositional hearing.

In October of 2018, the circuit court held a dispositional hearing. The DHHR moved to terminate petitioner's parental rights. Petitioner moved to continue the disposition until her psychiatric evaluation report was received.[3] The circuit court granted the continuance but permitted a service provider with Open Horizon Family Services to proceed with her testimony regarding petitioner's noncompliance with the terms and conditions of her post-adjudicatory improvement period. The DHHR admitted into evidence the service provider's monthly reports spanning from September of 2017 to July of 2018, which detailed the weekly appointments scheduled for petitioner, whether such appointments were completed, and if not, why such appointments were cancelled. The service provider testified that she provided petitioner with individualized parenting classes, life skills classes, and supervised visitation with the children until these services were terminated due to petitioner's frequent absences and overall lack of communication and participation. Moreover, the service provider testified that, when supervised

---

[3]The results of petitioner's psychiatric evaluation report are never discussed in the record, nor is the report contained in the record. The only other mention of the report was at the final dispositional hearing held in November of 2018, when the DHHR's counsel stated that the report was received.

2

visitation did occur, petitioner continued to provide the children with sugary drinks despite her awareness that the children were not permitted to have sugar due to the condition of their teeth. While the service provider testified that petitioner gained some understanding in regard to why the children were removed, she also testified that petitioner persistently reverted back to asserting that the children "never should have been removed to begin with" and that "people [were] picking on [her]." After this testimony was presented, the circuit court continued the dispositional hearing. Thereafter, petitioner filed a motion for a post-dispositional improvement period.

In November of 2018, the circuit court held a final dispositional hearing and addressed petitioner's motion for a post-dispositional improvement period. Petitioner testified that her lack of participation in services was mainly due to two medical procedures she underwent after her improvement period was granted. Although petitioner testified that these surgeries resulted in some complications and made her nauseous, she admitted that she was never put on bed rest and was permitted to drive. Petitioner further testified that she suffered from depression during her improvement period that caused her to be aggravated and forgetful. Overall, petitioner testified that she was now in a better place because she was employed and no longer taking medication for her depression, all of which she believed warranted a post-dispositional improvement period. On cross-examination, however, petitioner failed to articulate what she had done to remedy the allegations of abuse and neglect in the petition aside from being employed and having a vehicle. Petitioner admitted that since her services were terminated she had not sought any counseling on her own and did not have suitable housing for her children. Furthermore, when petitioner was asked to explain why her children were removed from her care, she was unable to articulate any basis other than domestic violence between herself and her husband and a cluttered home. At the conclusion of petitioner's testimony, the circuit court took the matter under advisement.

In February of 2019, the circuit court entered a dispositional order denying petitioner's motion for a post-dispositional improvement period and terminating her parental rights. The circuit court found that petitioner failed to comply with the basic terms of her improvement period, offered no credible excuse for her failures, showed no ability or desire to meet the basic needs of her children, and failed to recognize or remedy the circumstances that led to the filing of the petition. Based on these findings and the evidence presented, the circuit court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. As such, the circuit court terminated petitioner's parental rights to the children. It is from the February 2, 2019, dispositional order that petitioner appeals.[4]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such

---

[4]The parental rights of W.W., the father of A.W.-1 and D.W., were also terminated below. According to respondents, the permanency plan for A.W.-1 and D.W. is adoption in their current relative placement. The nonabusing father of T.T. retains his parental rights. The permanency plan for T.T. is to remain in the custody of her nonabusing father.

3

child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that the circuit court erred in denying her motion for a post-dispositional improvement period because she made "great strides" in improving herself and the conditions that led to the filing of the petition, without the help of the DHHR. Specifically, petitioner argues that while there was "some evidence in the record" to support the circuit court's findings that she failed to complete any of the services provided to her, the circuit court did not address the evidence that refuted these findings. Petitioner asserts that her noncompliance with the terms of her improvement period was due to her surgeries and inconsistent mental health treatment provided by the DHHR. Moreover, petitioner argues that once the DHHR stopped providing her services, she improved dramatically because she became employed and made "great efforts" to obtain adequate housing for her children. Upon our review, we find petitioner's arguments to be without merit.

The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . ."). Pursuant to West Virginia Code § 49-4-610(3)(D) (2015), a circuit court may grant a post-dispositional improvement period when,

[s]ince the initiation of the proceeding, the [parent] has not previously been granted any improvement period or the [parent] demonstrates that since the initial improvement period, the [parent] has experienced a substantial change in circumstances. Further, the [parent] shall demonstrate that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period.

Here, petitioner did not meet the statutory requirements to be granted a post-dispositional improvement period. While it is true that petitioner found employment, the record demonstrates that this does not constitute a substantial change in circumstances, especially given petitioner's minimal compliance with the terms and conditions of her post-adjudicatory improvement period. Although petitioner asserts that the circuit court failed to address that her noncompliance was mainly due to complications that arose from her medical procedures, such assertion ignores the circuit court's finding that "such justification was arguable at best and applied to a relatively limited number of [her] absences." To the extent that petitioner argues she made dramatic improvements in her situation by making efforts to obtain adequate housing, this does not change

the fact that these efforts did not result in a suitable home for her children. Gainful employment and adequate housing were only two of several terms and conditions imposed as part of petitioner's post-adjudicatory improvement period, and the record reflects that petitioner failed to comply with most, if not all, of those terms and conditions. As noted above, petitioner failed to complete the individualized parenting and life skills classes that were offered to her, which resulted in the provider terminating such services. Additionally, when petitioner did show up to the scheduled visits with her children, she continued to provide them with sugary drinks despite being aware that they were not permitted to have sugar due to the condition of their teeth. Moreover, the circuit court concluded that, despite the services that were provided, petitioner failed to understand why her children were removed or what role she played in their removal. Given petitioner's overall failure to comply with the terms and conditions of her post-adjudicatory improvement period, it is clear that her employment and efforts to obtain housing were insufficient to establish that she was likely to fully participate in a post-dispositional improvement period.

Finally, petitioner argues that the circuit court erred in terminating her parental rights without considering a less-restrictive disposition. Specifically, petitioner asserts that her "heroic efforts" to improve her life and the lives of her children warranted the termination of her custodial rights as opposed to her parental rights. Petitioner further argues that a less-restrictive disposition was appropriate given that her two younger children were placed with their aunt, and their permanent placement would not be delayed or disrupted. We disagree.

Many of the same facts the circuit court relied upon in denying petitioner's motion for a post-dispositional improvement period also support the termination of petitioner's parental rights. Most notably, petitioner's failure to comply with the terms and conditions of her post-adjudicatory improvement period demonstrate that there was no reasonable likelihood that she could substantially correct the conditions of neglect and abuse. Pursuant to West Virginia Code § 49-4-604(c)(3) (2019), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

As set forth in detail above, petitioner failed to comply with the terms and conditions of her post-adjudicatory improvement period such that services were terminated. Aside from finding employment after services were terminated, petitioner's deficiencies remained unchanged. Simply put, petitioner failed to follow through with the rehabilitative efforts designed to remedy the abuse and neglect issues that necessitated the petition's filing. Although petitioner asserts that termination of her parental rights was unnecessary because the children achieved permanency with a family member, the termination of petitioner's parental rights was necessary for the children's welfare given that petitioner failed to correct the conditions of abuse and neglect. According to West Virginia Code § 49-4-604(b)(6), circuit courts may terminate parental rights upon these findings. Moreover, this Court has previously held that

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 2, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  January 17, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison